UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:16-CR-43 |
| | ) | |
| ANTHONY WELLS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Defendant has filed a motion to dismiss the superseding indictment in this case [Doc. 84]. The United States has filed a response [Doc. 93]. The matter is before the Court pursuant to 28 U.S.C. § 636 and the standing orders of the District Court for a Report and Recommendation. Oral argument was held on the motion on March 8, 2018. The matter is now ripe for resolution.

**I.      FINDINGS OF FACT**

On June 14, 2016, the Grand Jury returned a superseding multi-defendant indictment, alleging that Defendant conspired to distribute methamphetamine. The United States requested the Court to issue a Writ of Habeas Corpus *ad prosequendum* from the State of California [Doc. 16]. The Court granted that motion and the Clerk issued the writ. That writ was returned unexecuted as California refused to relinquish custody of Defendant at that time. [Doc. 21, pg. 2].

On June 26, 2017, Defendant appeared before the Court on a subsequently issued writ, and the Court arraigned him on the charges. At that time, the Court did not schedule a trial because not all of the Defendants had appeared before the Court. On December 29, 2017, co-Defendant Anthony Campbell filed a motion for new counsel, which was granted on January 9, 2018 [Doc. 76, 83]. On January 5, 2018, Defendant filed a motion for Discovery [Doc. 80]. On January 12,

1

2018, Defendant filed a motion to dismiss the indictment for violation of the Speedy Trial Act [Doc. 84].

On January 16, 2018, the Court held a status conference on this case, and the United States made an oral motion to sever the remaining outstanding defendant from the case. The Court granted the United States' motion to sever. On that same date, January 16, 2018, the Court set the case for trial on April 10, 2018 [Doc. 86].

## II. ANALYSIS

Defendant requests this Court dismiss the indictment, alleging that it has been set outside the confines of the Speedy Trial Act. Under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, in "any case in which a plea of not guilty is entered, the trial ... shall commence within seventy days" from the later of (1) the "filing date" of the information or indictment or (2) a defendant's first appearance before a judicial officer, e.g. an arraignment. 18 U.S.C. § 3161(c)(1). "Where, as is the case at bar, multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." *United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002) (citing 18 U.S.C. § 3161(h)(7)). "Moreover, the excludable delay of one defendant is also excluded for his codefendants." *United States v. Sobh*, 571 F.3d 600, 602 (6th Cir.2009) (citing *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir.1989)); see also *United States v. Smith*, 510 F. App'x 390, 393 (6th Cir. 2013).

18 U.S.C. § 3161(h)(7) excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." In this case, it was not until January 16, 2018, that the Court granted the motion to sever from the case the codefendant, who had not yet been arraigned on the superseding indictment. Thus, the speedy trial clock did not begin to run until that point. Prior

2

to then, the speedy trial clock remained in the paused position. As noted in *United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009), the speedy trial clock starts when the *latest* codefendant joined for trial was arraigned. *Id.* citing *Coviello v. United States,* 287 F.App'x 503, 507 (6th Cir.2008) (holding that the speedy-trial clock when the latest codefendant joined for trial was arraigned); *United States v. Story,* 125 F. App'x 646, 650 (6th Cir. 2005) (holding that although the speedy trial clock began to run when the last codefendant was arraigned on July 16, another defendant's pending pretrial motions resulted in excludable delay from July 16 until November 19).

At oral argument on the motion, Defendant argued that once the codefendant was severed on January 16, 2018, the Court was to go back to June 26, 2017, the date Defendant was arraigned on the superseding indictment, and start the speedy trial clock from that date. Under that scenario, severing the codefendant from the case would immediately cause a violation of the Speedy Trial Act and result in the dismissal of the indictment. The Court finds that position is not consistent with Sixth Circuit case law and in practice makes very little sense. "Where multiple defendants are charged in an indictment and no motion for severance has been granted, only one speedy trial clock governs the action." *United States v. Culpepper*, 898 F.2d 65, 66 (6th Cir. 1990). That clock did not begin until the motion to sever was granted on January 16, 2018. Thus, Defendant's Speedy Trial Act rights have not been violated with the April 10th trial date.

Defendant also cited in his motion that his constitutional right to a speedy trial has been violated. The Sixth Amendment guarantees in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI; see also *Brown v. Romanowski*, 845 F.3d 703, 712 (6th Cir.), *cert. denied sub nom. Brown v. Haas*, 138 S. Ct. 93, 199 L. Ed. 2d 28 (2017). In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court held that a court must consider in evaluating a constitutional speedy

3

trial claim (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Id.* at 530.

"The first factor, length of the delay, is a triggering mechanism." *Brown*, 845 F.3d at 714 quoting *United States v. Brown*, 498 F.3d 523, 530 (6th Cir. 2007). A one-year delay is presumptively prejudicial and triggers analysis of the remaining *Barker* factors. *Id.* In this case, there is not a one year delay and no presumption of prejudice is raised by the delay. Defendant claims prejudice because he has been held "so long in Tennessee on the superseding indictment and no trial has been scheduled because it interrupted his ongoing prison term for the sentence rendered in California." [Doc. 84, pg. 1]. The amount of time between his arraignment and the severance is approximately seven months. He does not allege that as a result of this delay evidence has been lost or destroyed or anything of the sort. In fact, he argued at oral argument that he has been prejudice because during the delay codefendant Gerlacher decided to testify against him. The Court does not find that witnesses cooperating with the United States is the kind of prejudice the statute was contemplating.

Accordingly, the Court finds that the April 10, 2018, trial date is within the confines of the Speedy Trial Act. The Court also finds that Defendant's constitutional right to a speedy trial has not been violated. The undersigned RECOMMENDS the motion to dismiss be DENIED.[1]

Respectfully Submitted,

s/ Clifton L. Corker
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).